UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **STATE OF LOUISIANA** | : | **CIVIL ACTION NO. 16-cv-1771** |
| **VERSUS** | : | **JUDGE WALTER** |
| **CARRIE AINSWORTH** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

The court examines subject matter jurisdiction in the instant matter *sua sponte*. Finding no basis for the case's removal to this court, we order that it be remanded for lack of subject matter jurisdiction.

## I.
### BACKGROUND

This matter sought to be removed by this *pro se* plaintiff appears to be a Child in Need of Care proceeding begun on or about December 5, 2016, in the 36th Judicial District Court, Beauregard Parish, Louisiana. Doc. 1, att. 1. It relates to the minor child of Carrie Ainsworth ("defendant"). *Id.* The defendant removed the matter to this court on December 28, 2016, alleging that the state's actions impinged on various constitutional rights. Doc. 1, pp. 2–4.

## II.
### LAW & ANALYSIS

Courts are duty-bound to examine the existence of subject matter jurisdiction sua sponte. *Union Plants Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2007) (citations omitted). Removal is governed by 28 U.S.C. § 1441, which, with certain exceptions, permits a plaintiff to remove from state court "any civil action . . . of which the district courts of the United States have

original jurisdiction." 28 U.S.C. § 1441(a). The question of removal jurisdiction is determined "on the basis of claims in the state court complaint as it exists at the time of removal . . . ." *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

The defendant does not establish how any federal question arises in the original state court proceeding. We note that child custody and welfare is a traditional area of state concern. *Shipula v. Texas Dep't of Family Protective Svcs.*, 2011 WL 1882521, *9–*10 (S.D. Tex. May 17, 2011) (unpublished) (citing *Moore v. Simms*, 99 S.Ct. 2371, 2383 (1979)). Meanwhile, to the extent that the defendant complains about the state criminal proceedings that led to her child's removal, federal courts have long recognized such matters to ordinarily be areas of state concern, subject to review on appeal or in the course of federal habeas proceedings. *Perez v. Ledesma*, 91 S.Ct. 674, 676–77 (1971).

As plaintiff asserts no basis for this court's subject matter jurisdiction other than claims that ongoing child welfare and criminal actions are violating her constitutional rights, the action must be remanded.

**THUS DONE AND SIGNED** in Chambers this ___18___ day of January, 2017.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE